UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL JEFFREY STOTTS,

Plaintiff,

v.

Warden CONSTANCE REESE,
DR. ROBERT R. THOMPSON, and
DR. CYGNOR,

Defendants.

Civil File No. 00-1490 (ADM/SRN)

ORDER

Plaintiff, a prisoner at the Federal Medical Center, Rochester, Minnesota, has filed a civil complaint seeking relief for alleged violations of his federal constitutional rights. He did not tender the $150 filing fee required by 28 U.S.C. § 1914(a), but instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The Court found that Plaintiff's IFP application did not meet the requirements of 28 U.S.C. § 1915(a)(2), and that he had failed to comply with the initial partial filing fee requirements prescribed at 28 U.S.C. § 1915(b)(1). Therefore, by order dated June 30, 2000, (Docket No. 5), Plaintiff was directed to (i) file a new IFP application, and (ii) pay his initial partial filing fee, within thirty days.

Plaintiff later submitted a new IFP application, (Docket No. 7), accompanied by a letter, (Docket No. 6), in which he asks to be excused from paying any initial partial filing fee in this case. Thus, the matter is now before the Court for the purpose of determining whether Plaintiff should be granted IFP status, and whether he should be excused from paying an initial partial filing fee. Also before the Court at this time is Plaintiff's motion for

FILED JUL 18 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

appointment of counsel. (Docket No. 3.)

1. The IFP Application

The Court finds that Plaintiff is financially eligible to proceed IFP, and his application for IFP status will therefore be GRANTED. The Court further finds that Plaintiff does not have the assets or means to pay an initial partial filing fee, and he will therefore be excused from paying any such fee at this time. See 28 U.S.C. § 1915(b)(4). However, Plaintiff will be required to pay the unpaid balance of the filing fee, (in this case, the full $150), in installments pursuant to 28 U.S.C. § 1915(b)(2). Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). The Clerk of Court will be directed to provide notice of this requirement to the prison authorities at the institution where Plaintiff is confined.

Because IFP status has been granted, Plaintiff is entitled to have the named Defendants served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). A summons shall therefore be issued, and the U.S. Marshal will be directed to effect service of process on the three Defendants named in the caption of Plaintiff's complaint. The Clerk of Court will be directed to make copies of Plaintiff's complaint, (Docket No. 1), to be used for service of process on the named Defendants. The Marshal shall attempt to serve each of the Defendants at the Federal Medical Center, Rochester, Minnesota.

The Court will presently defer any ruling on the legal sufficiency of Plaintiff's complaint. See 28 U.S.C. § 1915A. Each Defendant upon whom service of process is

effected shall be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the summons and complaint, so that Defendants will be apprised of their obligation to file a responsive pleading.

2. Motion For Appointment Of Counsel

Also before the Court at this time is Plaintiff's motion for appointment of counsel. (Docket No. 3.) Pro se litigants, (whether prisoners or non-prisoners), do not have a constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues and whether both the litigant and the Court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. It appears to this Court that Plaintiff has the threshold ability to articulate his claims and to argue his positions. Although Plaintiff represents that his present confinement status is highly restrictive, his submissions in this matter demonstrate that he is able to communicate effectively with the Court. Moreover, the Court is presently satisfied that appointment of counsel would not substantially benefit

the Court or Plaintiff. Accordingly, Plaintiff's request for counsel will be denied.

## CONCLUSION

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket Nos. 2 and 7), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action -- namely the full $150 required by 28 U.S.C. § 1914(a) -- in the manner prescribed by 28 U.S.C. § 1915(b)(2); and the Clerk of Court shall provide notice of this requirement to prison authorities at the institution where Plaintiff is confined;

3. The Clerk of Court shall issue a summons, and shall make one copy of Plaintiff's complaint for each of the named Defendants, to be used for service of process;

4. The Marshal shall attempt to effect service of process on the named Defendants at the Federal Medical Center, Rochester, Minnesota;

5. A copy of this Order shall be served together with the summons and complaint;

6. Each Defendant upon whom service of process is effected shall be required to file a response to Plaintiff's complaint; and

7. Plaintiff's Motion for Appointment of Counsel, (Docket No. 3), is DENIED.

Dated: July 18, 2000

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge