UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL JEFFREY STOTTS,

Plaintiff,

v.

CONSTANCE REESE,
DR. ROBERT R. THOMPSON, and
DR. CYGNOR,

Defendants.

Civil File No. 00-1490 (ADM/SRN)

**ORDER**

This matter is before the Court for consideration of Plaintiff's "Motion To Amend Complaint Naming Additional Defendants." (Docket No. 9.) Also before the Court at this time is Plaintiff's "letter-motion" dated August 7, 2000, (Docket No. 11), and his correspondence entitled "Emergency," dated August 27, 2000, (Docket No. 12).

1. Motion to amend

Plaintiff's motion seeking leave to amend his complaint does not comply with Local Rule 15.1, because Plaintiff did not attach a copy of his proposed amended pleading to his motion papers. Local Rule 15.1 clearly requires that "[a] party who moves to amend a pleading shall file an original and two copies of the motion to amend, and shall attach a copy of the amended pleading to the original motion and to each copy of the motion." (Emphasis added.) Because Plaintiff did not follow the applicable Local Rule, his motion to amend will be denied.

The Court notes, however, that Defendants have not yet appeared in this action, and Plaintiff is therefore still entitled to file one amended complaint in this action, as a

FILED SEP 0 1 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

matter of course. Fed. R. Civ. P. 15(a). If Plaintiff still wishes to file an amended complaint, he may do so without leave of court – provided that he files his amended complaint before any Defendant has responded to his initial pleading. If Plaintiff files an amended complaint however, he must comply with the last sentence in Local Rule 15.1, which provides as follows:

> "Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."

In other words, if Plaintiff chooses to file an amended complaint, he must file an entirely new pleading. He cannot simply add to, or expand upon, the allegations set forth in his original complaint, as that pleading will essentially be nullified upon the filing of an amended complaint. Any amended complaint Plaintiff may file will completely replace the original complaint.

2. "Letter-motion" dated August 7, 2000

In his "letter-motion" dated August 7, 2000, Plaintiff asks the Court to enjoin Defendants from transferring him away from the Federal Medical Center at Rochester, Minnesota. However, it appears from Plaintiff's subsequent letter dated August 27, 2000, that he has already been transferred to another federal prison located in Beaumont, Texas.[1] Plaintiff's August 7th request for injunctive relief will therefore be denied as moot.

---

[1] Plaintiff's August 7th letter-motion was not received by the Court until August 17, 2000, by which time, it appears, Plaintiff had already been moved out of Minnesota.

3. August 27, 2000, "Emergency" letter

On August 31, 2000, the Court received another letter from Plaintiff, dated August 27, 2000, in which he informs the Court that he has been transferred to a "high security U.S. penitentiary" in Beaumont, Texas. Plaintiff's letter further indicates that he has been placed in "the hole," because someone at the Texas prison has threatened to kill him. Plaintiff complains about the conditions of his confinement in Texas, and asks whether the Court can "order me back," suggesting that he would like to return to the Federal Medical Center in Rochester, Minnesota.[2] No other specific request for relief can be identified in Plaintiff's letter.

Plaintiff's August 27th letter will be construed as a motion for an order directing Defendants to secure his return to the Federal Medical Center at Rochester. The Clerk of Court will be directed to mail a copy of that letter, together with a copy of this order, to the U.S. Attorney for the District of Minnesota. If the U.S. Attorney will be representing Defendants in this case, he shall file a written response to Plaintiff's August 27th letter by no later than September 15, 2000.

Plaintiff is reminded that anytime he seeks relief from the Court he must do so by filing a formal motion. Every motion should clearly identify the specific relief sought, and should fully describe the factual and legal grounds on which the motion is based. A copy of every motion must be served on the attorneys for Defendants. In the future, Plaintiff should not expect the Court to respond to, or act upon, mere correspondence.

---

[2] It is somewhat surprising that Plaintiff seems to be anxious to return to Rochester, as his original complaint suggests that he was extremely dissatisfied with the treatment he received there.

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion To Amend Complaint Naming Additional Defendants," (Docket No. 9), is DENIED, without prejudice to Plaintiff's right to amend his complaint as a matter of course in accordance with Fed. R. Civ. P. 15(a) and Local Rule 15.1;

2. Plaintiff's "letter-motion" dated August 7, 2000, (Docket No. 11), is DENIED AS MOOT;

3. The Clerk of Court shall mail a copy of Plaintiff's letter of August 27, 2000, (Docket No. 12), together with a copy of this order, to the U.S. Attorney for the District of Minnesota; and if his office will be representing Defendants in this case, he shall file a written response to Plaintiff's August 27th letter by no later than September 15, 2000.

Dated: September 1, 2000

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge