UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MICHAEL JEFFREY STOTTS,

Plaintiff,

v.

CONSTANCE REESE,
DR. ROBERT R. THOMPSON, and
DR. CYGNOR,

Defendants.

---

Civil File No. 00-1490 (ADM/SRN)

**ORDER**

This matter is presently before the Court to address Plaintiff's letter dated August 27, 2000, which is entitled "Emergency." (Docket No. 12). In that letter, Plaintiff complains about having been transferred from the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"), to the United States Penitentiary in Beaumont, Texas, ("USP-Beaumont"). By order dated September 1, 2000, (Docket No. 13), Plaintiff's letter was construed as a motion for an order directing Defendants to secure his return to FMC-Rochester. That order also directed the U.S. Attorney for the District of Minnesota to file a response to Plaintiff's letter/motion. That response has now been filed, (Docket Nos. 15, 16 and 17), and the Court is now prepared to rule on the matter.

Giving Plaintiff's submissions the benefit of liberal construction, it appears that his request to be returned from USP-Beaumont to FMC-Rochester is based on four grounds: (1) that he has been wrongfully placed in segregated confinement at USP-Beaumont, (2) that he has not received proper medical attention at USP-Beaumont, (3) that he has not been receiving his "legal mail" since being transferred to USP-Beaumont, and (4) that he

FILED SEP 26 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

was transferred to USP-Beaumont in retaliation for the commencement of his present lawsuit against prison officials at FMC-Rochester.

As Defendants' counsel has correctly noted, federal law gives the U.S. Attorney General broad discretion to determine where federal prisoners should serve their sentences. See 18 U.S.C. § 3621(b). Although prison officials cannot transfer a prisoner to another institution as an act of retaliation against the prisoner for attempting to exercise his constitutional rights, (see Goff v. Burton, 7 F.3d 734, 737 (8th Cir. 1993), cert. denied, 512 U.S. 1209 (1994)), they are otherwise free to move prisoners between institutions as they see fit. See Olim v. Wakinekona, 461 U.S. 238, 250 (1983), (prison authorities "may transfer a prisoner 'for whatever reason or for no reason at all'"), quoting Meachum v. Fano, 427 U.S. 215, 228 (1976). Thus, the only relevant issue here is whether a retaliatory motive existed before Plaintiff's prison transfer occurred. Events occurring only after the transfer cannot retroactively invalidate an otherwise legitimate transfer.

In this case, if Plaintiff's constitutional rights have been violated since he arrived at USP-Beaumont, because he was placed in segregated confinement or because he has not received proper medical care, he might be able to seek relief against the officials at USP-Beaumont who are responsible for his alleged mistreatment.[1] Likewise, if Plaintiff's constitutional rights have been violated because he has been deprived of his legal mail,

[1] It appears, however, that Plaintiff would have no realistic chance of success on any claim based on his medical care or his assignment to segregated confinement at USP-Beaumont. The materials submitted by Defendants' counsel show that Plaintiff actually has received substantial medical attention since his arrival at USP-Beaumont, and that he was placed in segregated confinement only to protect him from a genuine threat of harm posed by other inmates.

he might be able to maintain an independent lawsuit against the person responsible for that alleged deprivation.[2] However, Plaintiff cannot challenge the legality of his prison transfer based on allegations of inadequate medical care, wrongful assignment to segregated confinement, or deprivation of legal mail, which purportedly occurred only after his transfer was completed.

To the extent that Plaintiff may be challenging the legality of his prison transfer based on allegations of retaliation, he is entitled to no relief because he has not substantiated his claims. Although it appears that his transfer was effected shortly after he commenced the present action, he has made no effort to show any cause-and-effect relationship between his lawsuit and his transfer. Defendants' counsel, on the other hand, has been able to demonstrate to the Court's satisfaction that Plaintiff was transferred away from FMC-Rochester simply because it was no longer medically necessary to house him in one of the BOP's few full-service medical facilities. Plaintiff may disagree with the medical decisions that precipitated his transfer out of FMC-Rochester, but he has not shown that prison officials transferred him for any reason other than to make space at the Rochester facility for some other prisoner who might have greater medical needs. In short, Plaintiff has not demonstrated a retaliatory motive for his transfer.

Because Plaintiff has not shown that his transfer to USP-Beaumont was retaliatory, or otherwise illegal or improper, his request for an order directing Defendants to transfer

---

[2] Again, however, it appears that Plaintiff has no legitimate grounds for bringing such a suit. The materials submitted by Defendants' counsel effectively refute Plaintiff's conclusory assertion that he has been deprived of his legal mail. (See Declaration of Ernie Frie, Docket No. 17.)

him back to FMC-Rochester will be denied.[3]

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Plaintiff's letter/motion dated August 27, 2000, (Docket No. 12), is DENIED.

Dated: September 26, 2000

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

---

[3] On September 21, 2000, the Court received a submission from Plaintiff entitled "Notice to the Court." (Docket No. 18.) That "Notice" will not be addressed, because it has not been filed and served as a formal motion, notwithstanding the clear admonition provided by prior order of the Court. (See Order dated September 1, 2000, [Docket No. 13], p. 3, final paragraph.)